[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By motion dated May 1, 2001 the defendant moves for an order of dismissal as to the above captioned matter due to "the deliberate and willful nature of the prosecutorial misconduct" committed during the previous prosecution. Defendant cites the Fourteenth Amendment to the United States Constitution, Article One; Sections Seven, Eight and Nine of the Connecticut Constitution; and Section 41-8(6) of the Connecticut Practice Book, in support of its position that the above stated prosecutorial misconduct constitutes a bar to the present prosecution.
PROCEDURAL HISTORY
On July 16, 1997 the defendant was convicted by jury of the crimes of Aiding and Abetting Murder, in violation of Sections 53a-8 and 53a-54a of the General Statues, and Conspiracy to Commit Murder, in violation of Sections 53a-54a(a) and 53a-58 (a) of the General Statutes.
On November 2, 1999 our Appellate Court reversed said convictions and remanded the case for a new trial concluding that the prosecutor's misconduct deprived the defendant of his due process right to a fair trial. State v. Butler, 55 Conn. App. 502, 519 (1999). As the defense notes in its brief, the Court stated: "The prosecutors's misconduct constituted a willful violation of an order of the trial court and a deliberate attempt to improperly influence the jury." Id., 513.
On May 1, 2001 our Supreme Court affirmed the Appellate Court decision after consideration of the certified issue "Did the Appellate Court CT Page 9641 correctly conclude that a due process violation resulted from prosecutorial misconduct during closing argument?"
The defendant now claims that the above stated due process violation constitutes a bar to a new trial.
FACTUAL BACKGROUND
During the previous prosecution of the defendant, defense counsel, in closing argument, stated: "[O]ne of the most difficult parts about this case has been tracking all of the inconsistencies of the States witness, Mr. Dolphin. The witness for the state, Jeffrey Dolphin, has lied toyou, ladies and gentleman. He has lied to the police, he has lied toother juries, he has lied to you as members of this jury. He has lied toan officer of the court, attorney Ahern. But don't take my word for it, just look at his testimony . . ." (Emphasis added.) Id., 505.
The prosecutor did not object to the comments, request a curative charge, or suggest any other remedy; rather, in rebuttal he stated: "[T]he other thing [defense counsel] said to you — I do not want you to be left with the wrong impression — he said that [Dolphin] has lied to other juries. Well, let me tell you. ladies and gentlemen. I wishI could tell you what other juries decided, but I am not allowed to." (Emphasis added.) Id., 506.
Based on said rebuttal the defense moved for mistrial and dismissal. The trial court expressed the utmost outrage over the rebuttal referring to it as ". . . some of the most impermissible argument I've heard." (T. 11, 86: 3-13) Nevertheless, the motions were denied by the court though the court made it clear that it viewed the state's rebuttal as prejudicial, improper and unprofessional.
It is in the context of these comments during closing argument that the defense now moves this court to bar any further prosecution in this manner.
LAW AND ANALYSIS
There is little argument that the general rule in situations where the defendant moves for a mistrial is that he waives his right to be judged by the jury and, as a consequence, double jeopardy will not attach.Aillon v. Manson, 201 Conn. 675, 681 (1986).
"The one narrow exception which allows a defendant to invoke the double jeopardy bar after his request for, or consent to, a mistrial is `when prosecutorial or judicial overreaching is designed to provoke the CT Page 9642 defendant into asking for a mistrial, thereby avoiding an acquittal or affording the state another, perhaps more favorable, opportunity to convict, or the prosecutorial or judicial error was otherwise motivatedby bad faith or attempted in order to harass or prejudice the defendant
. . . This result is clearly dictated by logic since in the absence of intentional misconduct on the prosecutor's or judge's part and prejudice stemming from the misbehavior, a defendant's decision to ask for a mistrial or consent to one is voluntary and a strategic choice clearly not coerced by the defect in the trial.'" (Citations omitted; emphasis added.) Id.
On the basis of the above stated language the defense suggests that the exception is dual faceted; that is, the prosecution is barred from retrial where either its intent was to provoke a mistrial, or its conduct was motivated by bad faith or attempted in order to harass or prejudice the defendant. Further language dispels such a suggestion.
"Prosecutorial conduct that might be viewed as harassment oroverreaching, even if sufficient to justify a mistrial on defendant's motion, therefore, does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause. A defendant's motion for a mistrial constitutes "a deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact' . . . Citations omitted . . . Where prosecutorial error even of a degree sufficient to warrant a mistrial has occurred, `[t]he important consideration, for purposes of the Double Jeopardy Clause, is that the defendant retainprimary control over the course to be followed in the event of such error.' . . . Citations omitted . . . Only where the governmental conduct in question is intended to `goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion." (Emphasis added.) Oregon v. Kennedy, 456 U.S. 667, 675-677 (1982); See also State v. Aillon, supra, 201 Conn. 681-682.
Thus, as per both Kennedy and Aillon the exception is very limited; if the state's design or purpose by its conduct is to deprive the defendant of his right to a verdict by the first jury and to provoke a mistrial in order to get a second opportunity to present its case, it will be barred by principle's of double jeopardy.
In the context of extending Kennedy, our Supreme Court in State v.Colton, 234 Conn. 683 (1995), at 696 stated, "While we acknowledge that there is a split among the Circuit Courts on this issue, we agree with the Second Circuit Court of Appeals that Kennedy logically should be extended to bar a new trial, even in the absence of a mistrial or CT Page 9643 reversal because of prosecutorial misconduct, if the prosecution in the first trial engaged in misconduct with the intent "to prevent an acquittal that the prosecutor believed at the time was likely to occur in the absence of his conduct.'" (Citations omitted.)
To determine whether the prosecution engaged in such misconduct it is necessary to examine the misconduct in context. Under the circumstances of this case, was this misconduct designed for the purpose of provoking a mistrial or was it intended to respond to what the state perceived to be the improper argument of the defense? In considering this question it is necessary to examine the conduct of the defense prior to the misconduct of the state to determine whether the defense now comes before this court seeking the extreme sanction of dismissal of a murder charge tainted by its own conduct precipitating that of the state?
The appellate court in Butler never formerly concluded that the comments of the defense counsel were improper, nor did the trial court make such a finding. In fact, the trial court appeared to conclude that the comments of the defense preceding the prosecution's misconduct were permissible. However, it would seem that calling the state's key witness a liar, declaring that he "lied to the police;" that he "lied to an officerof the court;" and that he "lied to other juries," even if intended to refer to the inconsistencies of the witness, constitute the improper opinion of defense counsel; are vague in terms of what they suggest or insinuate to the jury and are prejudicial to the state's case. That is not to imply that the state's response was warranted or appropriate. As the appellate court in Bulter noted, "[t]he prosecutor neither objected to this statement when it was made, nor did he object at the conclusion of defense counsel's closing argument, nor did he request a curative instruction or some other remedy." State v. Butler, supra,55 Conn. App. 505. Instead the state launched into the comments that violated a previous order of the court and ultimately resulted in the matter being remanded for a new trial.
Clearly, however, the circumstances of this case suggest that the comments of the state, though improper and out of proportion to its goal, were, at least, precipitated by and intended to respond to the objectionable comments of defense counsel. The state's comments do not appear to be independently devised or designed to provoke a mistrial. Certainly, the fact that the jury subsequently reached a unammous verdict of guilty further suggests that a unammous verdict acquitting the defendant was not a likely concern of the state at the time these isolated comments were made; that is, under the circumstances here, it is hard to believe that the state was so concerned that an acquittal was in the offing that it would attempt to provoke a mistrial. CT Page 9644
CONCLUSION
Here, then, the defendant controlled its own destiny with respect to the principles of double jeopardy by initiating the conduct that resulted in the state's impropriety and ultimate defense motion for mistrial. The defense does not come before this court untainted by its own conduct, but seeks the ultimate sanction of dismissal despite its conduct. The state had no independent design or intent to provoke a mistrial and, therefore, for all the above stated reasons, defendant's motion isDenied.
 By the Court, Roland D. Fasano, J.
[EDITORS' NOTE: A DIFFERENT AND NON RELATED CASE ONCE LISTED ON THIS PAGE HAS BEEN DELETED] CT Page 9645 [EDITORS' NOTE: CT Pages 9645 to 9669 are blank.] CT Page 9670